UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE CITY OF NEW YORK,

                Plaintiff,

    -versus-

MCDONOUGH STREET COMMUNITY
CENTER, INC. and 813-815-817 HANCOCK
STREET SPONSORING BOARD, INC.,

                Defendants.

ORDER
13 CV 3869

JOHN GLEESON, United States District Judge:

        Plaintiff the City of New York (the "City") seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) seeking two forms of injunctive relief.  First, the City seeks an order directing defendants McDonough Street Community Center, Inc. and 813-815-817 Hancock Street Sponsoring Board (together, "Defendants") to provide non-party Bedford Stuyvesant Early Childhood Development Center, Inc. ("Bedford Stuyvesant") immediate access to a property designated on the tax map of the City of New York, Kings County, as Block 1487, Lots 72, 73, and 74 (the "Property").  Second, the City seeks an order transferring title to the Property to Bedford Stuyvesant, as instructed by the United States Department of Health and Human Services in a letter dated June 4, 2013.  *See* Pl. Mot. for Prelim. Inj., July 16, 2013, ECF No. 4.  I heard oral argument on August 1, 2013.

        For the reasons stated on the record, the City's motion is granted in part and denied in part without prejudice to renewal before Judge Frederic Block, to whom this case is assigned.  With respect to the first request for injunctive relief, I find that the City has demonstrated (1) irreparable harm if relief is not granted; (2) a likelihood of success on the

merits; and (3) that the public interest weighs in its favor. According the City's application is granted and Defendants are ordered to vacate the Property and to provide Bedford Stuyvesant immediate access to the Property.

With respect to second request for injunctive relief, I see no need to decide that issue now, and conclude that neither side would be prejudiced by subjecting it to plenary briefing and oral argument before Judge Block. Accordingly, the City's application for an order transferring title is denied without prejudice.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 1, 2013
Brooklyn, New York